UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR - 5 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>v.                    )<br>                       )<br>EARL WORKMAN,            )<br>        Defendant.      )<br>_____ ) | Criminal Case No. 04-547-001 (PLF)(AK) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge by the Honorable Paul L. Friedman for a Hearing on Violation of Defendant's supervised release and a Report and Recommendation.

### Background

The Defendant Earl Workman was sentenced to sixty months imprisonment to be followed by forty-eight months supervised release on September 13, 2005, following his conviction for Unlawful Possession With Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B)(iii). In addition to a $100.00 special assessment, the trial court imposed the following special conditions:

- drug testing
- vocational training.

The Defendant's supervision began on April 10, 2009 and is scheduled to terminate on April 9, 2013.

By Memorandum to the undersigned and the trial court dated March 21, 2013, the Probation Officer stated that on July 23, 2012, the Probation Office filed a Violation Petition alleging new criminal conduct based on the Defendant's arrest in D.C. Superior Court. The

1

Probation Office now provides an update on the disposition of the pending charges in Superior Court as well as Mr. Workman's supervision compliance.

On March 13, 2013, Mr. Workman was tried and convicted in the District of Columbia Superior Court for Failure to Obey, Assault on a Police Officer and Open Container of Alcohol. He was continued on his personal bond pending sentencing which was scheduled for March 25, 2013.

### Hearing on Violation of Supervised Release

A hearing on the Defendant's alleged violations of his supervised release was held by the undersigned on March 26, 2013. At that hearing, Mr. Workman was represented by counsel.

The Probation Officer stated on the record that Mr. Workman had been charged in Superior Court on three counts as noted above, and that the Superior Court sentenced him to six months of probation plus a fine of $200.00. The Probation Officer further stated that it was her recommendation that Mr. Workman's supervised release should be extended by three months with the effect that his termination of supervision would be July, 2013. The Probation Officer additionally recommended that Mr. Workman perform 150 hours of community service as a condition of his supervision. The Government concurred with the recommendation of the Probation Officer and also recommended the additional condition of anger management therapy because of Mr. Workman's convictions for Assault on a Police Officer and Failure to Obey. Through counsel, the Defendant agreed to the recommendations of the Probation Officer and the Government. The Probation Officer, in her March 21, 2013 Memorandum, also noted that Mr. Workman had satisfied his special conditions of DNA submission and drug treatment. The Defendant submits his monthly reports in a timely manner and all drug tests have returned negative for drug use.

## Recommendation

In view of the allegations that the Defendant failed to comply with the terms and conditions of his supervised release imposed by the trial court, which are acknowledged by the Defendant, the undersigned finds by a preponderance of the evidence that Mr. Workman is in violation of the terms and conditions of his supervision. It is the undersigned's recommendation that in light of Mr. Workman's supervision compliance up to July 2012, the sentence imposed by the Superior Court provides an appropriate sanction for the charges on which he was convicted in Superior Court. The undersigned further concurs with the recommendations of the Probation Office and the Government.

Dated: April 2, 2013

ALAN KAY
UNITED STATES MAGISTRATE JUDGE

The Probation Office, the Government, and the Magistrate Judge having recommended that the Defendant's supervised release be extended by three months and that the appropriate sanctions for the violation which is conceded by the Defendant are the imposition of 150 hours of community service and anger management therapy and no objection thereto by the Defendant, IT IS ORDERED that the recommendation of the Magistrate Judge is accepted and approved.

Dated: 4/5/13

HONORABLE PAUL L. FRIEDMAN
U.S. DISTRICT COURT JUDGE